[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1373 
OPINION
Plaintiff Don-Elda Boutwell appeals from the judgment following the trial court's order dismissing her complaint for failure to bring the action to trial within the mandatory five-year period pursuant to Code of Civil Procedure section 583.310 We affirm.
Plaintiff Don-Elda Boutwell, appearing in propria persona, filed a complaint against defendants Kaiser Foundation Health Plan and others on December 22, 1980, for medical malpractice. On October 15, 1982, plaintiff substituted in James R. Hastings as her attorney and plaintiff's first amended complaint was filed and served. Defendants answered on December 27, 1982. On January 12, 1983, the parties stipulated to stay proceedings pending arbitration pursuant to a provision in the parties' group medical and hospital services contract which required all disputes to be resolved through arbitration. On January 23, 1984, plaintiff substituted in Daniel Qualls as her attorney of record.
The matter lay dormant until October 24, 1985, when plaintiff informed defendants that she had selected her arbitrator, Barton Pokras. During this time, plaintiff alleged she unsuccessfully tried to retain an expert witness. As one reason for the delay, plaintiff contends that she had difficulty retaining an expert to testify about plaintiff's inner ear disorder but does not state what steps she took in this search. Plaintiff informed defendants of the name of her expert witness on October 31, 1985. On both October 31 and November 6, 1985, plaintiff informed defendants that she intended to arbitrate the matter on December 16, 1985. In response to defendants' conflict with that date, she offered to reschedule the hearing if defendants stipulated to extend the time for trial for 90 days. On November 12, 1985, defendants selected their arbitrator, Conrad Hoskins, and informed plaintiff that it would not stipulate to extend the five-year statute. Defendants agreed not to move for an immediate dismissal of the action if plaintiff promptly pursued her arbitration.
However, more than one year elapsed and the arbitration never took place. On December 9, 1986, plaintiff noticed a motion for an order directing *Page 1374 
arbitration on date certain, and on December 24, 1986, defendants moved for mandatory dismissal of plaintiff's action under Code of Civil Procedure section 583.310 (1a) On January 23, 1987, the trial court granted defendants' motion to dismiss, finding that plaintiff had not been reasonably diligent in pursuing her claim and that defendants were not equitably estopped from moving to dismiss the action.
(2) Code of Civil Procedure section 583.340 recognizes an exception to mandatory dismissal for the time it is impossible, impracticable, or futile for plaintiff to bring the matter to trial within the five-year period. (See Moran v. SuperiorCourt (1983) 35 Cal.3d 229, 237-238 [197 Cal.Rptr. 546,673 P.2d 216].) Courts have applied this exception to orders directing arbitration since "between the filing of the complaint and the order for arbitration, it would generally not be possible or practical for the plaintiff to bring the matter to arbitration or trial." (Preston v. Kaiser Foundation Hospitals (1981)126 Cal.App.3d 402, 409 [178 Cal.Rptr. 882].) The limitations period, therefore, would ordinarily begin on the date of the order for arbitration, not the date plaintiff filed the complaint. (Ibid.)
This exception does not prevail where the plaintiff has not exercised reasonable diligence in pursuing her cause of action. (Moran v. Superior Court, supra, 35 Cal.3d at pp. 238-239.) "The critical factor in applying [the exception] to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." (Ibid.) The exception exists so as not to penalize a plaintiff when the action has been delayed because of circumstances outside the plaintiff's control. (Id., at p. 238.) This includes a court's untimely calendaring of the action after the plaintiff has notified the clerk of the imminence of the statute of limitations. (Id., at pp. 239-240.) Plaintiff cannot sit back while a defendant delays, since the plaintiff has an "arsenal of weapons" to prevent defendant's dilatory actions. (Tejada v.Blas (1987) 196 Cal.App.3d 1335, 1340 [242 Cal.Rptr. 538].) In the arbitration context, a plaintiff may petition the superior court to assist her in expediting the proceedings by moving to appoint a neutral arbitrator, moving to set an arbitration date, moving to strike a defendant's answer, or entering a defendant's default.
(1b) Plaintiff made a belated motion to set a date certain for arbitration in December 1986, six years after she filed her complaint. Plaintiff could have moved the court to appoint a neutral arbitrator earlier. Plaintiff also could have moved to set the arbitration date in a more timely fashion instead of attempting to schedule the hearing only days before the statutory period would run. Plaintiff cannot be heard to complain of being denied her day in court when she waited four years and ten months before designating her own arbitrator and scheduling a hearing date. Likewise, plaintiff has not *Page 1375 
shown due diligence in locating an expert witness. We conclude that since the delay in scheduling the plaintiff's arbitration hearing was caused by matters within plaintiff's control, the trial court did not abuse its discretion in finding plaintiff was not reasonably diligent to prevent operation of the mandatory dismissal statute.
(3) Plaintiff next contends that defendants are equitably estopped from dismissing her complaint. We disagree. In order to successfully assert equitable estoppel, there must be conduct by defendants that "lulls the plaintiff into a false sense of security resulting in inaction" and reasonable reliance by the plaintiff. (Tejada v. Blas, supra, 196 Cal.App.3d at p. 1341.) Defendants' correspondence to the plaintiff expressly states that it would not stipulate to extend the mandatory dismissal period but that it would not move to dismiss "immediately[,] provided that plaintiff promptly [pursue] her arbitration." (Italics omitted.) Defendants advised plaintiff's attorney to take whatever steps he deemed necessary to protect his client's rights. Defendants, therefore, did not lull plaintiff into inaction and plaintiff had no occasion for reasonable reliance on defendants' statements.
Finally, plaintiff argues that she still has the contractual right to proceed with arbitration despite the lack of diligence in pursuing her superior court complaint. That issue is not before us in the appeal from the dismissal of the complaint.
The order dismissing the plaintiff's complaint is affirmed.
King, J., and Haning, J., concurred. *Page 1376