[No. C011372. Third Dist. Nov. 20, 1992.]

MICHAEL G. BROCK et al., Plaintiffs and Appellants, v.
KAISER FOUNDATION HOSPITALS et al., Defendants and Respondents.

**COUNSEL**

Daniel J. Sullivan and Jason A. Krestoff for Plaintiffs and Appellants.

Rust, Armenis & Schwartz and Fred A. Schwartz for Defendants and Respondents.

**OPINION**

**SPARKS, J.**—In this case we examine the distinction between an action at law and a contractual arbitration proceeding based on the same dispute and

conclude that they are independent remedies. This distinction plays a critical role in the resolution of the two questions posed by this appeal.

The first is whether an action at law stayed during the pendency of contractual arbitration proceedings may nevertheless be dismissed for failure to bring it to trial within five years under Code of Civil Procedure section 583.310 (subsequent undesignated section references are to this code). Under the governing statute, in computing the time within which an action must be brought, the time during which the action was stayed must be excluded. (§ 583.340, subd. (b).) Thus, agreeing with *Byerly* v. *Sale* (1988) 204 Cal.App.3d 1312 [251 Cal.Rptr. 749], we conclude the action may not be dismissed.

The second is whether the dismissal of the action at law automatically terminates the arbitration proceeding and, if not, whether the trial court may nevertheless dismiss the arbitration proceeding for delay in its prosecution. In agreement with dictum in *Byerly* and its progeny (and contrary to other holdings), we conclude that the fate of the action at law has no direct effect on the *contractual* arbitration proceedings. Consequently, the dismissal of the action at law does not constitute grounds to dismiss the arbitration proceedings. We further conclude that the trial court has no jurisdiction to dismiss an arbitration proceeding for failure to prosecute it in a reasonably diligent fashion. Because the trial court in the matter before us dismissed both the action at law and the pending contractual arbitration proceedings (that were the basis for staying the action at law), we shall reverse the judgment in its entirety.

## Factual Background

Given our resolution of this appeal, the relevant facts are few. Michael and Beth Brock, acting individually and as guardians ad litem for their minor son, Aaron, filed this action in May 1985 against defendants Kaiser Foundation Hospitals, Permanente Medical Group, Kaiser Foundation Health Plan, Inc., and various Does. Plaintiffs' complaint alleged the defendants had committed medical malpractice in treating Aaron. In March 1986, the parties entered into a stipulation to submit the dispute to the mandatory binding arbitration provisions contained in the contract between the defendants and what we assume is the labor union to which one or both of Aaron's parents belong. The stipulation provided that the dispute was to be submitted to binding arbitration "pursuant to the laws of the State of California and the agreement entered into between Kaiser Foundation Health Plan, Inc., Northern California Region and Group 7443, AT&T Technologies." The parties also agreed the action at law was to be stayed pending completion of the

arbitration proceedings.[1] The court entered an order in April 1986 enforcing this stipulation by submitting the dispute to arbitration and by staying the action at law.

In May 1991, the plaintiffs moved to compel further answers to interrogatories and for sanctions. The defendants responded with a motion to dismiss both the action at law and the arbitration proceedings on the ground more than five years had elapsed since the complaint had been filed and the matter ordered into arbitration. In their moving papers, defendants asserted that the contract governing the arbitration contained a clause requiring reasonable diligence in the pursuit of the arbitration claim. It provided in relevant part that "[a] claim shall be waived and forever barred if . . . the Claimant fails to pursue the arbitration claim in accordance with the procedures described herein with reasonable diligence." Citing *Preston* v. *Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402 [178 Cal.Rptr. 882], and *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 [178 Cal.Rptr. 882], defendants argued "[i]t is clear from the pleadings that this case was not brought to trial within five years after the action was commenced. It is equally clear from the facts set forth in the supporting declaration of [counsel] that claimant[s] did not pursue arbitration with reasonable diligence. More than five years have elapsed since this matter was ordered into arbitration on April 15, 1986."

The court granted the motion, ruling, "The five year statute applies. *Preston* v. *Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402, 409. There is no basis for a finding of impract[ic]ability or impossibility." The court subsequently entered a judgment purporting to dismiss both the complaint and the arbitration proceedings. This appeal followed.

### DISCUSSION

On appeal plaintiffs advance three arguments. First, they contend the complaint should not have been dismissed because the trial court's jurisdiction was suspended pending the arbitration and no arbitration had yet taken place. Next, they argue the trial court was absolutely barred from entering a dismissal by virtue of section 1141.17.[2] Finally, they assert their responsive pleadings to the motion to dismiss met the criteria for the impracticability and/or futility exceptions to the five-year statute.

---

[1] According to a declaration of defendants' counsel in support of the motion to dismiss, after filing the May 1985 complaint plaintiffs' former counsel had made a demand for arbitration and the parties had executed an initial stipulation for arbitration in December 1985.

[2] By this contention, plaintiffs have confused judicial arbitration (§§ 1141.10-1141.31) with contractual arbitration (§§ 1280-1294.2). Needless to say, "[j]udicial arbitration is a different animal, however." (*Nanfito* v. *Superior Court* (1991) 2 Cal.App.4th 315, 319 [2 Cal.Rptr.2d 876 ]; see generally, 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 320,

# I

## *Contractual Arbitration*

What has been variously denominated as "general," "voluntary," "nonjudicial," or "contractual" arbitration has explicit statutory sanction in California. "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." (§ 1281.) A party to a contractual arbitration agreement may compel a recalcitrant party to comply with a valid agreement by means of a petition pursuant to section 1281.2, which is in essence a suit in equity to compel specific performance of the arbitration agreement.[3] (*Atlas Plastering, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 63, 69 [140 Cal.Rptr. 59].)

But as this court recognized long ago, contractual arbitration is in no sense a "trial of a cause before a judicial tribunal," nor is it a usurpation or ouster of the judicial power vested in the trial court of this state by our Constitution. (*Snyder* v. *Superior Court* (1937) 24 Cal.App.2d 263, 267 [74 P.2d 782].) As a result, there is nothing to prevent one of the parties to a contractual arbitration provision from resorting initially to an action at law. (*Spence* v. *Omnibus Industries* (1975) 44 Cal.App.3d 970, 975 [119 Cal.Rptr. 171]; *Ross* v. *Blanchard* (1967) 251 Cal.App.2d 739, 742-743 [59 Cal.Rptr. 783].) The other party, if determined to pursue arbitration, must then take action to compel arbitration. (*Spence, supra,* 44 Cal.App.3d at p. 975.) "A right to compel arbitration is not . . . self-executing. If a party wishes to compel arbitration, he must take active and decided steps to secure that right, and is required to go to the court where the [other party]'s action [at law] lies." (*Gunderson* v. *Superior Court* (1975) 46 Cal.App.3d 138, 143 [120 Cal.Rptr. 35].) Consequently, the party seeking to enforce the contractual arbitration clause must file the section 1281.2 petition in the action at law (or raise it as an affirmative defense in the answer) or else the right to contractual arbitration is waived. (*Id.* at p. 144; *Kustom Kraft Homes, supra,* 14

p. 612.) The statute relied upon, section 1141.17, subdivision (a), is part of the chapter governing judicial arbitration. It provides: "Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2, except as provided in this section." The short answer to this contention is that this case was not submitted to arbitration pursuant to the chapter on judicial arbitration. Instead, it was submitted pursuant to a written contract governing the rights of the parties. Thus, section 1141.17 does not apply to this case of contractual arbitration and we will consider the plaintiffs' argument invoking it no further.

[3]Although we are not concerned with the provisions of this statute, there are also various grounds for refusing to enforce an arbitration agreement. (§ 1281.2, subds. (a)-(c).) We also note a petition under this statute is not a prerequisite to arbitration proceedings between willing participants. (*Kustom Kraft Homes* v. *Leivenstein* (1971) 14 Cal.App.3d 805, 810 [92 Cal.Rptr. 650].)

Cal.App.3d at p. 811; see also § 1281.5.) The party seeking resolution via contractual arbitration must also file a motion in the action at law to stay it (§§ 1281.4, 1292.8); it will not be stayed automatically. (*Ross, supra,* 251 Cal.App.2d at p. 742.) This assertion of a contractual arbitration agreement constitutes a "plea in abatement" of the action at law. (*Gunderson, supra,* 46 Cal.App.3d at p. 144; *Kustom Kraft Homes, supra,* 14 Cal.App.3d at p. 811.)

■ Once a court grants the petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration. This vestigial jurisdiction over the action at law consists solely of making the determination, upon conclusion of the arbitration proceedings, of whether there was an award on the merits (in which case the action at law should be dismissed because of the res judicata effects of the arbitration award [*Division of Labor Standards Enforcement* v. *Williams* (1981) 121 Cal.App.3d 302, 309 [175 Cal.Rptr. 347]; Rest.2d Judgments, § 84]) or not (at which point the action at law may resume to determine the rights of the parties). (Cf. *Lord* v. *Garland* (1946) 27 Cal.2d 840, 851 [168 P.2d 5]; *Shuffer* v. *Board of Trustees* (1977) 67 Cal.App.3d 208, 217 [136 Cal.Rptr. 527] [discussing effect of interlocutory judgment pursuant to § 597 abating second action at law pending resolution of first action of law].) The court also retains a separate, limited jurisdiction over the contractual arbitration which was the subject of the section 1281.2 petition: "After a petition has been filed *under this title* [i.e., 'title 9' (§§ 1280-1294.2)], the court in which such petition was filed retains jurisdiction to determine *any subsequent petition* involving the same agreement to arbitrate and the same controversy, and *any such subsequent petition* shall be filed in the same proceeding." (§ 1292.6 [italics added].)

As this short exegesis should demonstrate, at the time the instant defendants moved to dismiss, there were two separate proceedings over which the trial court had separate fonts of jurisdiction. Therefore, we must determine the propriety of each dismissal separately.

## II

### *The Action at Law*

#### A.

Under section 583.310, "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." If a plaintiff does not comply within this five-year requirement, the action "shall be

dismissed by the court on its own motion or on motion of the defendant . . . ." (§ 583.360, subd. (a).) In computing the five-year period, "there shall be excluded the time during which any of the following conditions existed: [¶] . . . [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.)[4] These statutes directly apply only to actions at law and are enforced by the trial court. (*Young* v. *Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669, 673 [185 Cal.Rptr. 536] [former § 583].) We turn, then, to cases applying these principles in the context of an action at law stayed pending contractual arbitration.

### B.

#### 1.

In *Byerly* v. *Sale, supra,* 204 Cal.App.3d 1312, the court succinctly concluded in one paragraph that because a stay pending arbitration had been in effect for almost the entire life of the action at law filed by a party to the arbitration agreement, it was impossible for the plaintiff to proceed.[5] Consequently, the five-year period had not even remotely expired, so it was improper to dismiss the complaint. (204 Cal.App.3d at p. 1314.) Were *Byerly* the sole published authority, we could simply cite its admirably brief resolution of the issue. Unfortunately, there is other authority which we feel must first be discussed; since these cases generally fail to recognize the distinction between a trial court's jurisdiction over an action at law and the related contractual arbitration proceeding, we must parse their analyses as best we can between the two separate parts of our discussion.

#### 2.

In *Lockhart-Mummery* v. *Kaiser Foundation Hospitals, supra,* 103 Cal.App.3d 891, the plaintiff had filed what apparently was a malpractice

[4]The stay exception was an offshoot of the catchall impossible/impracticable/futile doctrine developed in common law before the enactment of section 583.340 in 1984. (See, e.g., *Marcus* v. *Superior Court* (1977) 75 Cal.App.3d 204, 212-213 [141 Cal.Rptr. 890].) "In determining whether the prescribed five-year period has expired, time during which it is impossible or impracticable to proceed to trial is excluded. [Citations.] While the stay order is in effect, it will be impossible or impracticable to proceed to trial. Therefore, the five-year period cannot expire because a stay is ordered." (*Ibid.*) The stay exception was then separately codified (§ 583.340, subd. (b)) from the catchall exception (§ 583.340, subd. (c)). (6 Witkin, *op. cit. supra,* Proceedings Without Trial, § 138, p. 443.)

[5]The *Byerly* court cited section 583.340, subdivision (c), as the basis for its ruling. It is not clear why the court did not rely on the stay exclusion (§ 583.340, subd. (b)), since it was in the context of a stay pending arbitration that this exception was first announced. (*Marcus, supra,* 75 Cal.App.3d at pp. 207, 212-213.)

action. The defendant obtained an order to arbitrate pursuant to a contract between the parties (which presumably is similar to the contract between the parties before us); the court also stayed the action at law. (*Id.* at p. 893.) The plaintiff failed to prosecute the arbitration proceedings diligently. The defendant moved (apparently in the trial court) to dismiss, but was rebuffed without prejudice. Later, after a neutral arbitrator was at last chosen, the defendant requested dismissal of the arbitration proceedings and was advised by the arbitrator to make a motion in the trial court. Upon such a motion, the trial court dismissed the action at law *and* the arbitration proceeding. (*Id.* at pp. 893-894.)

Putting its substantive cart before its jurisdictional horse, the appellate court first upheld the propriety of dismissal. Without acknowledging the separate status of the action at law from the arbitration proceeding, the court concluded that the five-year period to bring an action to trial, while not directly applicable to arbitration proceedings, was nevertheless an appropriate *criterion* for determining whether a party to an arbitration had violated a contractual provision to prosecute the arbitration with "reasonable diligence." (103 Cal.App.3d at pp. 895-896.) The relevance of this analysis to the issue of dismissing the action at law for failure to prosecute *the action at law* within five years is unclear, but the court concluded that as more than five years had elapsed from the date the plaintiff had filed the complaint, "the complaint should be dismissed under [the former version of section 583.360]." (*Id.* at p. 896.)

As for any exclusions from the five-year period, the court first found the order for arbitration (more properly, the *stay* pending arbitration, since without the *stay* the action at law could have proceeded) was of no significance, analogizing to "judicial arbitration" (§ 1141.10 et seq.). (*Lockhart-Mummery, supra,* 103 Cal.App.3d at p. 896.) However, this is an inappropriate analogy, because (as earlier noted) "judicial" arbitration is a mutually exclusive scheme that is not comparable to contractual arbitration. (*Nanfito* v. *Superior Court, supra,* 2 Cal.App.4th 315, 319; *Porreco* v. *Red Top RV Center* (1989) 216 Cal.App.3d 113, 118-120 & fn. 6 [264 Cal.Rptr. 609].) ██ The *Lockhart-Mummery* court rejected the plaintiff's argument that the stay on the action at law pending arbitration prevented the five-year period from running, citing the plaintiff's failure to exercise reasonable diligence.[6] (103 Cal.App.3d at p. 897.)

We disagree that application of the stay exclusion to an action at law depends on the reasonable diligence of the plaintiff in the related arbitration

---

[6]In order to qualify for the catchall exclusion from the five-year period (now codified at § 583.340, subd. (c)), the plaintiff must have manifested reasonable diligence to advance the action at every stage of the proceedings. (*Baccus* v. *Superior Court* (1989) 207 Cal.App.3d 1526, 1532 [255 Cal.Rptr. 781]; *Schwenke* v. *J & P Scott, Inc.* (1988) 205 Cal.App.3d 71,

proceedings. First of all, *Lockhart-Mummery* was decided before the enactment of subdivision (b) of section 583.340, which expressly excludes the time when prosecution of the case was stayed. Moreover, with the exception of *Lockhart-Mummery*, we have found no other case imposing a "reasonable diligence" prerequisite for application of the stay exclusion (§ 583.340, subd. (b)). It might be argued that since the stay exclusion developed out of the catchall exclusion, the "reasonable diligence" requirement should be imported as well. However, this would render superfluous the separate codification of the stay exclusion. Moreover, "reasonable diligence" is not a concept that has any pertinence to a plaintiff who is prevented from pursuing an action at law by an arbitration stay. The stay for all intents and purposes prevents the plaintiff from ever again pursuing the action at law by virtue of the claim-preclusive effect of the arbitration (unless the arbitration concludes without resolving the merits of the dispute); thus, a plaintiff diligently advancing an arbitration proceeding only brings the action at law closer to dismissal, not trial. A stay on proceedings consequently stays the five-year period until such time as it is no longer in abeyance. We therefore conclude that to the extent *Lockhart-Mummery* is apposite, it is unpersuasive.

3.

Of tangential relevance is *Preston v. Kaiser Foundation Hospitals, supra,* 126 Cal.App.3d 402, cited by the trial court. There the plaintiffs filed a medical malpractice action which was subsequently stayed pending contractual arbitration pursuant to an order of the trial court. (*Id.* at pp. 405-406.) The trial court apparently dismissed the action at law strictly on the basis that more than five years had elapsed from its initiation. (*Id.* at p. 410.) The *Preston* court's entire analysis is skewed by its erroneous conclusion that "[t]he effect of the dismissal [of the action at law] was to vacate the order for arbitration and terminate the arbitration itself." (*Id.* at p. 406.)[7] Having thus admixed the separate proceedings, the court agreed with *Lockhart-Mummery*

79-80 [252 Cal.Rptr. 91].) By comparison, the lack-of-jurisdiction exclusion (§ 583.340, subd. (a)) had been an express statutory exception existing at same time as the common law catchall doctrine and not similarly limited, so its *re*codification did not add a "reasonable diligence" requirement. (*Schwenke, supra,* 205 Cal.App.3d at pp. 77-78.)

[7]This assertion, made without any supporting authority, disregards the independent status of the order for arbitration, which is filed in the action at law only by virtue of a venue statute. Section 1292.4 directs that "[i]f a controversy referable to arbitration under an alleged agreement is involved in an action or proceeding pending in a superior court, a petition for an order to arbitrate shall be filed in such action or proceeding." (§ 1292.4) This procedural requirement does not mean, however, that the arbitration is a subsidiary proceeding which necessarily falls with the paramount legal action. Indeed, when no legal action has been filed, a petition to compel arbitration may nevertheless be filed. (§ 1281.2.) The right to file a petition to compel arbitration rests on the agreement of the parties and upon the arbitration statutes, not on the existence of a legal action. The *Preston* court's conclusion requires the

that the five-year period should be the criterion for measuring a plaintiff's reasonable diligence in prosecuting an arbitration proceeding; concluded the five years should not run from the filing date of the complaint but from the filing date of the order to arbitrate because the plaintiff could not begin the process of arbitration until then; and remanded to the trial court to reconsider its order in light of these principles. (126 Cal.App.3d at pp. 406-410.) Since *Preston* does not explicitly consider the effect of an arbitration stay on the five-year period, it is not apposite on the issue.

### 4.

*Boutwell* v. *Kaiser Foundation Health Plan* (1988) 206 Cal.App.3d 1371 [254 Cal.Rptr. 173], once again involves a complaint for medical malpractice, this time with a stipulation to stay the proceedings pending arbitration pursuant to the contract between the parties. (*Id.* at p. 1373.) More than six years later, the defendants successfully moved to dismiss the action at law for failure to bring it to trial within five years. (*Id.* at p. 1374.) The reviewing court concluded the catchall exclusion from the five-year period was not applicable because the plaintiff had not exercised reasonable diligence in pursuing the arbitration proceeding. (*Id.* at pp. 1374-1375.) The court failed to mention the effect of the stay under subdivision (b) of section 583.340. The court expressed no opinion regarding the effect of dismissing the complaint on the arbitration proceedings. (206 Cal.App.3d at p. 1375.)

As we stated with respect to *Lockhart-Mummery*, reasonable diligence in arbitration proceedings has no bearing on the action at law stayed pending those proceedings; the stay on proceedings stays the five-year period as well until the conclusion of the arbitration proceedings. We therefore disagree with *Boutwell* on this issue as well.

### 5.

This leaves *Kuzmanoff* v. *Kron* (1988) 207 Cal.App.3d Supp. 1 [255 Cal.Rptr. 168]. There, the plaintiff filed the action at law in 1983. The parties contractually agreed to arbitrate the dispute in 1987. In 1988, the defendants moved to dismiss the action. (*Id.* at pp. Supp. 2-3.) Applying no analysis other than to cite *Preston* and *Lockhart-Mummery*,[8] the appellate department of the superior court affirmed the dismissal of the action. Since we have

mistaken reasoning that elimination of the *coercion* applied to one party to arbitrate somehow extinguishes the arbitration proceeding. As we earlier noted, contractual arbitration proceedings do not need the aegis of a section 1281.2 petition to come into being; the converse of this principle is that the removal of the petition does not vitiate their vitality.

[8]The court also cited two other opinions, neither of which expressly analyze the effect of an arbitration stay on the five-year period in which to bring an action at law to trial. (*Gainey* v.

found neither case persuasive or apposite, we must also part company with *Kuzmanoff* in this regard.

## C.

Having found nothing persuasive in the other opinions touching upon this issue, we readily concur in the conclusion of the *Byerly* court. It was therefore error for the trial court to dismiss the plaintiffs' complaint. Their legal action was stayed during the arbitration proceedings and thus the time during that stay should have been excluded for purposes of computing the five-year period. (§ 583.340, subd. (b).) Since the five-year period to bring the case to trial had not expired, it was erroneous to dismiss the action for delay in prosecution under the mandatory statute. (§ 583.360, subd. (a).)

## III

### *Trial Court Jurisdiction Over Contractual Arbitration Proceedings*

Since the trial court's order also purported to dismiss the arbitration proceedings, we must additionally address the issue of a trial court's authority to terminate contractual arbitration proceedings. A line of cases exists which purports to stand for the proposition that a trial court has authority to dismiss contractual arbitration proceedings. Counterpoised are suggestions in other cases (including dictum in *Byerly*) that contractual arbitration proceedings have a life of their own regardless of whether an action at law based on the same controversy is dismissed. As shall be seen, the former line does not withstand close analysis.

## A.

### 1.

*Kaplan* v. *Eldorado Ins. Co.* (1976) 55 Cal.App.3d 587 [127 Cal.Rptr. 699] is the seed from which has grown a tangled vine of decisions regarding the authority of a trial court to step into contractual arbitration agreements and terminate them. In *Kaplan*, the jurisdiction of the trial court was invoked (apparently pursuant to § 1281.6) by means of a petition to appoint a neutral arbitrator in an ongoing contractual arbitration proceeding relating to a personal injury controversy. (55 Cal.App.3d at p. 588.) The plaintiff thereafter disregarded numerous orders of the trial court compelling him to comply with discovery requests, including his deposition and physical examination. (*Id.* at pp. 589-590.) The defendants successfully moved for

*Occidental Land Research* (1986) 186 Cal.App.3d 1051 [231 Cal.Rptr. 249]; *Young, supra,* 135 Cal.App.3d 669.)

sanctions and for dismissal of the arbitration proceedings pursuant to former section 2034.[9] (55 Cal.App.3d at p. 590.)

The opinion discusses the substantive propriety of the trial court's action pursuant to the discovery statutes without making explicit the basis for the trial court's authority to do so in the context of a contractual arbitration proceeding. (*Kaplan, supra,* 55 Cal.App.3d at pp. 591-593.) However, it appears that the trial court lacked authority to order and enforce discovery in the arbitration proceedings.

The Civil Discovery Act of 1986 (§§ 2016-2036) authorizes, as did its predecessor, various types of discovery in a pending "action." (§ 2017, subd. (a).) The term " 'Action' includes a civil action and a special proceeding of a civil nature." (§ 2016, subd. (b).) But arbitration, it has been held, is not a "special proceeding" within the meaning of the Civil Discovery Act. As the court ruled in *McRae* v. *Superior Court* (1963) 221 Cal.App.2d 166 [34 Cal.Rptr. 346], "arbitration itself is not a 'special proceeding' as contemplated by the provisions of the Code of Civil Procedure relating to depositions." (*Id.* at p. 170 [construing § 2016, former subd. (a)].) Indeed, court-ordered discovery in arbitration proceedings would defeat the very purpose of arbitration. "When it has been determined that arbitration should be pursued and all judicial proceedings have been suspended until completion of the arbitration, it would be wholly incompatible with established policies of the law to permit the court thereafter to intervene in, and necessarily interfere with, the arbitration ordered. In large measure, it not only would preclude the parties from obtaining 'an adjustment of their differences by a tribunal of their own choosing,' but it also would recreate the very 'delays incident to a civil action' that the arbitration agreement was designed to avoid." (*Id.* at p. 171.) In short, "the provisions of the new discovery law are not applicable to [contractual] arbitration." (2 Civil Discovery Practice in Cal. (Cont.Ed.Bar 1988) Key Discovery Principles, § 13.22, p. 833.) Only arbitrators can order discovery in the arbitration proceedings.[10]

---

[9](See Stats. 1974, ch. 592, § 2, p. 1413; Stats. 1974, ch. 732, § 4, p. 1624 [containing identical provisions in this respect].) Under this former version of section 2034, the court was authorized under subdivision (d) to "dismiss the action or proceeding" for the willful failure of a party to appear for deposition or to answer interrogatories.

[10]Under sections 1283.05 and 1283.1, arbitrators have authority to order discovery in certain types of arbitration proceedings. This authority is statutorily conferred in any arbitration "arising out of or resulting from any injury to, or death of, a person caused by the wrongful act or neglect of another." (§ 1283.1, subd. (a).) In all other arbitrations, the arbitrator may grant discovery "[o]nly if the parties by their agreement so provide . . . ." (§ 1283.1, subd. (b).) When the arbitrators have been granted discovery powers, they may enforce their orders by imposing such sanctions "as can be or may be imposed in like circumstances in a civil action by a superior court of this state under the provisions of this

As we shall see, the failure of the *Kaplan* court to note these restrictions on court-ordered discovery in arbitration proceedings had unforeseen consequences.

2.

We return to *Lockhart-Mummery, supra,* 103 Cal.App.3d 891. Having decided the trial court acted correctly, the court turned to the question of the trial court's jurisdiction to dismiss both the action at law and the arbitration proceeding. Citing *Kaplan,* the *Lockhart-Mummery* court reasoned that if "the courts have jurisdiction to dismiss for refusal of discovery it [*sic*] also should be empowered to dismiss where there has been no exercise of reasonable diligence by appellant. To hold otherwise, would place a defendant in an untenable position as it would be unable, without the appointment of appellant's arbitrator,[11] to move the litigation along nor could it seek dismissal despite the passage of three years of inaction. [¶] As appellant could otherwise stall the arbitration proceedings ad infinitum without fear of sanctions, respondents had no other choice but to move the court to dismiss the complaint as well as the arbitration." (*Id.* at p. 898.) This conclusion on the part of the *Lockhart-Mummery* court rests on a host of incorrect premises.

First, as we have already pointed out, the superior court does not have jurisdiction to dismiss an arbitration proceeding for refusal of discovery. Thus, the analogy fails.

Second, the reasons advanced for judicially vesting the power to dismiss arbitration proceedings in a trial court are incorrect. With respect to the concern that a party could indefinitely stall arbitration proceedings by refusing to appoint a "partisan" arbitrator, we need only point out that section 1281.6 specifically provides, "if the agreed method [for appointing an arbitrator] fails or for any reason cannot be followed, . . . the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator." While this was designed for an impasse on appointment of a "neutral" arbitrator (*Cook* v. *Superior Court* (1966) 240 Cal.App.2d 880, 887 [50 Cal.Rptr. 81]), we see no prohibition in the statute's language against using the mechanism to force the recalcitrant party to select an arbitrator from a list provided by the court; alternatively, the court could appoint the neutral arbitrator and leave it incumbent upon the recalcitrant party to appoint a "partisan" arbitrator or risk the arbitration proceeding moving on without

code, except the power to order the arrest or imprisonment of a person." (§ 1283.05, subd. (b).)

[11]Under the Kaiser Foundation Hospitals contract, each party was to appoint an arbitrator, after which the "partisan" arbitrators were to select a "neutral" arbitrator. (*Id.* at pp. 894-895.)

one. Thus, the *Lockhart-Mummery* court's fear of proceedings stalled for want of an arbitrator is based on a phantasm. As for the claim that a party to an arbitration can stall it indefinitely without fear of sanctions, once there is an arbitrator appointed pursuant to section 1281.6, the party seeking to expedite the arbitration proceedings can apply to the arbitrator for dismissal based on delay in discovery, and the *arbitrator* (once appointed) has authority to determine whether a party should take nothing because of that party's unwarranted delay in prosecuting the arbitration proceedings. (*Young, supra,* 135 Cal.App.3d at p. 673.)

In short, *Lockhart-Mummery*'s conclusion that a court may dismiss arbitration proceedings is not supportable in authority or in reasoning. We continue with other cases which have suggested the same.

### 3.

Coming back to *Preston, supra,* 126 Cal.App.3d 402, the court began its jurisdictional analysis by noting the plaintiffs had "directly invoked the jurisdiction of the superior court" (presumably over the arbitration proceeding) by filing the action at law and "indirectly" by causing their opponents to petition to compel arbitration. (*Id.* at p. 407.) As the previous pages of this opinion should make clear, the first of these statements is incorrect—the action at law is *independent* and does not somehow vest the trial court automatically with jurisdiction over the related contractual arbitration proceedings. The second statement is correct, but overbroad.

To reprise part I of our discussion, a trial court has jurisdiction to grant a petition to compel arbitration under section 1281.2, which by virtue of title 9's venue statute (§ 1292.4) must be filed in the action at law. Similarly, it has jurisdiction to grant a stay of the action at law, which may be asserted as an affirmative defense in the answer (*Kustom Kraft Homes, supra,* 14 Cal.App.3d at p. 811) or as a petition in the action at law (again, by virtue of the venue statute [§ 1292.8] and a recent procedural amendment to title 9 [§ 1281.7]). The *Preston* court is correct to the extent it notes that either of these actions vests the trial court with jurisdiction under section 1292.6 over any subsequent petition relating to the arbitration proceedings. (126 Cal.App.3d at p. 407.)

What the *Preston* court neglects, however, is that this continuing jurisdiction is to entertain petitions *under title 9* relating to the same arbitration. It therefore reaches the incorrect conclusion that because a trial court is authorized to stay the action at law pending arbitration proceedings and retains jurisdiction over the arbitration proceedings once a petition has been

filed under title 9, it is "invest[ed] . . . with the power on the one hand to entertain a petition by the plaintiff for judicial assistance in moving the arbitration forward where the matter is foundering for reasons beyond plaintiff's control, or on the other hand, to entertain a motion by defendants to *dismiss the arbitration* where plaintiffs have failed to exercise reasonable diligence in moving the dispute to a conclusion." (126 Cal.App.3d at p. 407, italics added.) The missing linchpin that causes this conclusion to collapse under the weight of scrutiny is the absence of a provision for any such petition or motion under title 9, which is the font of the trial court's jurisdiction over the arbitration proceeding. Again, no precedent is provided for this judicial usurpation of authority over contractual arbitration proceedings, nor are we convinced of the necessity of judicially creating this remedy when there are already adequate bases for relief. We therefore reject the jurisdictional holding of *Preston*.

4.

The remaining cases which refer to this issue do not warrant extended treatment, as they simply cite *Preston* in dictum. (*California Teachers Assn. v. Governing Board* (1984) 161 Cal.App.3d 393, 399 [207 Cal.Rptr. 659]; *Gainey, supra*, 186 Cal.App.3d at p. 1054.) Since we do not follow *Preston*, obviously we reject these cases as well.[12]

B.

In contrast to the above decisions, a number of other cases have reaffirmed the general principle that the contractual arbitration has a life of its own outside the judicial system. Based on this view, they either expressly or by implication support the conclusion that the trial court has no power to dismiss a contractual arbitration proceeding.

1.

First is *Dodd* v. *Ford* (1984) 153 Cal.App.3d 426 [200 Cal.Rptr. 256]. The trial court had granted a motion to dismiss consolidated cases for failure to come to trial within five years, and denied a motion to restore the cases to the arbitration hearing list. (*Id.* at pp. 428-429.) The court initially determined that dismissal of these *judicial* arbitration proceedings for failure to prosecute was error because aborted judicial arbitration proceedings are the

---

[12]Oddly, both cases also cite *Young, supra*, 135 Cal.App.3d 669. *Young*, however, has no bearing on the issue, as it is concerned with the trial court's enforcement of an arbitration award (that the plaintiff take nothing because of delay in prosecution) through dismissal of the action at law (which, as we have noted, would be the result required by the res judicata effect of the arbitral award).

equivalent of a mistrial where the parties have waived the right to a trial de novo in court. (*Id.* at pp. 430-431.)

The court also ruled, in an alternative holding, that the stipulation for judicial arbitration without a trial de novo could be considered a contractual arbitration (a resolution we do not analyze here), which left the action at law a mere formality pending resolution of the contractual arbitration. (*Dodd, supra*, 153 Cal.App.3d at pp. 431-432.)[13] Since the contractual arbitration proceeding drew its vitality from the contract, not the action at law, it could be independently enforced without reference to the action at law. (*Id.* at p. 432.) Consequently, "the dismissal [of the action at law], even if appropriate, merely reduced the court's involvement to hearing motions to compel arbitration and enforce any award." (*Ibid.*) We find this the analytically appropriate approach to the independent remedies of actions at law and arbitration.

2.

This brings us back to *Byerly, supra*, 204 Cal.App.3d 1312. Finding it was incorrect to dismiss the action at law (because of the effect of the stay pending arbitration), the court stated, "we must point out that reversal of the judgment is close to an idle act." (*Id.* at p. 1314.) The *Byerly* court noted the trial court had not attempted to dismiss the arbitration proceedings, and the *Byerly* court was unaware of any authority which would have permitted the trial court to do so (save for *Preston*, which it found "unsupported, and unsupportable, in law or logic" [*id.* at p. 1316, fn. 3]).

The court then discussed the independent vitality of a contractually based arbitration proceeding, which can be brought to a conclusion entirely extra-judicially, and over which the judiciary's supervision is limited to confirming, vacating, or correcting any resultant award. (204 Cal.App.3d at p. 1315.) Agreeing with *Young*, the court expressed its opinion that it is for the arbitrator to dismiss contractual arbitration proceedings (or award nothing) for failure to advance them in timely fashion. (*Id.* at pp. 1315-1316.) In a picturesque metaphor, the court likened dismissal of the action at law under these circumstances to "burning a dock after the ship has sailed. Like the dock, the complaint will be of significance only if the parties choose to return to a judicial port to litigate the dispute on the merits." (*Id.* at p. 1316.)

---

[13]The instant respondents take issue with the authority cited by the *Dodd* court. Regardless of whether the authority cited by *Dodd* supports its choice of terminology for the action at law ("*functus officio*"), the authority we have cited in part I supports *Dodd's* conclusion that the action at law sits in abeyance until resolution of the contractual arbitration proceedings.

## 3.

This leaves three cases which rely upon *Dodd* and *Byerly*. To revisit *Kuzmanoff, supra,* 207 Cal.App.3d Supp. 1, the plaintiff, in opposing the motion to dismiss, had also filed a motion to compel arbitration based on a contractual arbitration agreement into which the parties had entered after the lawsuit had commenced. (*Id.* at pp. Supp. 2-3.) Agreeing with *Dodd* and *Byerly*, the appellate department found it was error to dismiss the petition to compel arbitration because the contract gave the arbitration proceedings vitality independent of the action at law. (*Id.* at pp. Supp. 4-5.) *Porreco, supra,* 216 Cal.App.3d 113, presented a factual scenario similar to *Dodd* —the parties had stipulated to judicial arbitration without the right to trial de novo. (*Id.* at pp. 118-120.) The trial court had dismissed the action at law for failure to prosecute. The court's primary holding concluded the five-year period to bring the action at law to trial had been tolled by stipulation. (*Id.* at pp. 120-129.) In its alternative holding, the court cited *Dodd* and concluded that even had the trial court properly dismissed the action at law, the parties would have been contractually obligated to arbitrate the dispute and the trial court would have retained jurisdiction over petitions to compel arbitration or to enforce any resulting award. (*Id.* at pp. 130-131.)[14] Finally, *Nanfito, supra,* 2 Cal.App.4th 315, involved a plaintiff who elected judicial arbitration on the eve of the running of the five-year period. (*Id.* at pp. 317-318.) The court stated that the power of a trial court to terminate arbitration proceedings depended on whether the arbitration was judicial or contractual. If contractual, the trial court has no power over the arbitration proceedings. The court relied on its earlier rulings in *Byerly* and *Dodd* and the ruling in *Young*; it disagreed with *Preston* and *Lockhart-Mummery*. (*Id.* at pp. 318-319 & fn. 3.) "In true arbitration, e.g., where parties stipulate to binding arbitration [citation] or where the superior court has compelled arbitration and stayed court proceedings pursuant to the terms of a written arbitration agreement [citations], the 'arbitration has a life of its own outside the judicial system, and only the arbitrator should determine whether there has been an unreasonable delay in prosecution which would justify dismissal.' " (*Id.* at p. 318.) However, since the proceeding before it was a judicial arbitration, where "the matter is only on a sabbatical from the courthouse" (i.e., where the judicial power has been delegated to another forum), the court retained full jurisdiction to dismiss the action *and* the arbitration proceedings for dilatory prosecution. (*Id.* at pp. 319-320.) While none of these three cases expressly holds that a trial court lacks jurisdiction to dismiss contractual arbitration proceedings for failure to prosecute, it is the inevitable conclusion to be drawn from their specific holdings (or dicta).

---

[14]We are uncertain of the applicability of these musings to an appeal from the dismissal of the action at law where the plaintiffs had not filed any petition to compel arbitration as of the time the trial court's dismissal. (*Id.* at p. 118.) They are analytically sound, nevertheless.

## C.

This does not mean that a party to an arbitration proceeding has no remedy against dilatory tactics. The offended party may move in the arbitration proceedings to terminate them for failure to pursue the arbitration claim with reasonable diligence. As the court observed in *Young* v. *Ross-Loos Medical Group, Inc., supra,* 135 Cal.App.3d 669, "[i]t is, of course, true that Code of Civil Procedure section 583 [now section 583.310] does not *directly* apply to a proceeding other than an action pending in the superior court. Consequently, its terms may not be there enforced by anyone other than a judge of that court. Nonetheless, it is equally settled that 'the concept and limits of [that section have been imported] into the test of reasonable diligence in bringing a claim to resolution by arbitration . . . .' " (*Id.* at p. 673, italics in original.) Using the "measuring rod" provided by this section, the arbitrator may conclude that the claimants have failed to proceed with reasonable diligence. If so, the arbitrator may order that the claimants take nothing on their claims by reason of their dilatory prosecution. (*Ibid.*) This type of order is the functional equivalent of an award against the claimants which the court may confirm. "Such an order, even if regarded as in the nature of a sanction, is as much an 'award' as any other final resolution of the arbitration proceeding. [Citation.] Absent some basis for vacating it, . . . the superior court should have enforced it by itself dismissing the underlying civil action . . . ." (*Id.* at pp. 673-674, italics deleted.) Again, we might point out that technically the action at law is dismissed because of claim preclusion principles; the arbitrator's dismissal is enforced by a court order confirming that the claimant take nothing from the arbitration. But the point is that "only the arbitrator should determine whether there has been an unreasonable delay in prosecution which would justify dismissal." (*Byerly* v. *Sale, supra,* 204 Cal.App.3d at p. 1316.) Once having ordered arbitration and stayed the action at law, the trial court's "future involvement should have been limited merely to confirming, correcting, or vacating any arbitration award." (*Id.* at p. 1315.) Here, however, the defendants did not seek their remedy in the arbitration proceedings. Instead, they erroneously sought and obtained relief in the trial court.

Having determined the authority under which the instant trial court relied is unsound, we conclude it erred in purporting to dismiss the contractual arbitration proceedings between the parties. We shall therefore reverse that aspect of the judgment as well.[15]

---

[15]Having concluded that the trial court lacked authority to dismiss the arbitration proceeding and incorrectly dismissed the stayed action at law, we have no occasion to consider

### DISPOSITION

The judgment is reversed. The plaintiffs shall recover their costs of appeal.

Puglia, P. J., and Sims, J., concurred.

---

plaintiffs' third contention that they met the criteria for the catchall impracticability or futility exception.