Filed 4/29/22

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| NICOLE LESHANE et al., | C093881 |
| Plaintiffs and Respondents, | (Super. Ct. No. STKCVUOE2020006864) |
| v. | |
| TRACY VW, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, George J. Abdallah, Jr., Judge. Affirmed.

Fine, Boggs & Perkins, John P. Boggs and David J. Reese for Defendants and Appellants.

Whitehead Employment Law, Jacob N. Whitehead and Meghan N. Higday for Plaintiffs and Respondents.

Plaintiffs Nicole Leshane, Steve Garner, Justin Prasad, Isaac Saldana, and Maurice West sued defendants Tracy VW, Inc. and RJ Gill Ventures, Inc. alleging several Labor Code violations. They did so on behalf of themselves as defendants' former employees,

1

on behalf of others similarly situated, and on behalf of the state pursuant to the Private Attorneys General Act of 2004 (Private Attorneys General Act) (Lab. Code, § 2698 et seq.). After defendants filed a petition to compel arbitration, plaintiffs filed a first amended complaint alleging violations of the Labor Code solely as representatives of the state under the Private Attorneys General Act.

Defendants continued to seek arbitration of plaintiffs' individual claims and dismissal of their class-wide claims pursuant to the arbitration agreements each plaintiff signed. Defendants reasoned "[p]laintiffs' amendment of the Complaint to strip out [claims not pertaining to the Private Attorneys General Act] has not, without more, made the controversy go away. The elimination of claims for individual and class-wide damages from the Complaint is only an indication that Plaintiffs are not actively seeking that relief *at this time* and *in this forum*. There remains a controversy between the parties that that [*sic*] Plaintiffs, or any of them, could resuscitate at some point in the future. And Defendants have the absolute right to compel arbitration of such controversy . . . ."

The trial court denied defendants' petition to compel arbitration finding plaintiffs' claim under the Private Attorneys General Act was not subject to arbitration citing *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348. Defendants appeal the trial court's order.

We affirm.

## DISCUSSION

Defendants agree plaintiffs' claim under the Private Attorneys General Act cannot be compelled to arbitration. They contend, however, that arbitration is still required to resolve the arbitrable individual claims plaintiffs raised in their original complaint which was dismissed without prejudice by filing the first amended complaint. Defendants urge

us to interpret "controversy" as used in Code of Civil Procedure[1] section 1281.2 as including any question subject to an arbitration agreement, even if that question is not asserted by a claimant in any forum. They argue this is permitted because section 1281.2 does not require a controversy be brought in a court action before it can be compelled into arbitration. While we agree a legal action is not a prerequisite to an arbitration order (see, e.g., *Trubowitch v. Riverbank Canning Co.* (1947) 30 Cal.2d 335, 337 [buyer instituted proceeding to compel arbitration of seller's liability under contract after seller failed to deliver goods]; *United Public Employees v. City & County of San Francisco* (1997) 53 Cal.App.4th 1021, 1023 [union plaintiff instituted proceeding to compel arbitration of a member's grievance against city defendant]), we decline to give section 1282.1 the broad interpretation defendants urge.

We review questions of statutory interpretation de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) "Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] In doing so, however, we do not consider the statutory language "in isolation." ' " (*In re Greg F.* (2012) 55 Cal.4th 393, 406.) Rather, "we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." ' " (*Ibid.*) " 'We must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend.' " (*Ibid.*) Every statute is to be read " 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " (*People v. Pieters* (1991) 52 Cal.3d 894, 899.)

---

[1]    Further section references are to the Code of Civil Procedure unless otherwise indicated.

Section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." "The clear purpose and effect of section 1281.2 is to require the superior court to determine in advance whether there is a duty to arbitrate the controversy which has arisen." (*Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480.)

Section 1281.2 is part of the California Arbitration Act. (§ 1280 et seq.; see *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 72.) Both the California Arbitration Act and the Federal Arbitration Act (9 U.S.C. § 1 et seq.) recognize " ' "arbitration as a speedy and relatively inexpensive means of dispute resolution" ' and are intended ' "to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing." ' " (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1204; see *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 344-348 [179 L.Ed.2d 742, 754-756].) Arbitration is therefore a matter of contract (*Sparks v. Vista Del Mar Child & Family Services* (2012) 207 Cal.App.4th 1511, 1517-1518) and arbitrators derive their " 'powers from the parties' agreement to forgo the legal process and submit their disputes to private dispute resolution' " (*Lamps Plus, Inc. v. Varela* (2019) __ U.S. __, __ [203 L.Ed.2d 636, 646]; see *Epic Systems Corp. v. Lewis* (2018) __ U.S. __, __ [200 L.Ed.2d 889, 898-899] [with the passage of the Federal Arbitration Act, Congress endorsed arbitration as a forum for "quicker, more informal, and often cheaper resolutions for everyone involved"]).

With this obvious purpose in mind, we turn to the definition of controversy as provided in the California Arbitration Act. Section 1280, subdivision (d) defines controversy as "any question arising between parties to an agreement whether the

4

question is one of law or of fact or both." If the Legislature intended a controversy be any question by a party to an agreement, as defendants argue, then that is what section 1280, subdivision (d) would have said. Instead, the Legislature required the question be "between parties" to the arbitration agreement. (§1280, subd. (d).) We must give meaning to this phrase and avoid a construction that makes any word or phrase in a statute surplusage. (See *Reno v. Baird* (1998) 18 Cal.4th 640, 658.)

The use of the plural "parties" and requirement that the question be between them, indicates a bilateral process typical of arbitration proceedings. (See *AT&T Mobility LLC v. Concepcion*, *supra*, 563 U.S. at pp. 347-348 [179 L.Ed.2d at pp. 755-756].) Defendants do not cite, nor have we found a case presenting the scenario here, where a defendant seeks to compel a plaintiff to arbitrate claims held by the plaintiff but which the plaintiff declines to assert. Defendants' interpretation of "controversy" to include plaintiffs' individual claims not asserted in the first amended complaint, or any forum in which plaintiffs could obtain relief, strips arbitration of its defining characteristic as a forum for bilateral dispute resolution. Without a claimant seeking to resolve a question subject to the arbitration agreement, there is no bilateral dispute to resolve. More importantly, arbitration's purpose, as a cheaper and more efficient *alternative* to civil actions (*Epic Systems Corp. v. Lewis*, *supra*, __ U.S. at p. __ [200 L.Ed.2d at pp. 898-899]), is not implicated because arbitration under the circumstances presented would not be an alternative to a civil action or an action in any other forum. The practical results of defendants' argument is to transform arbitration into a forum for declaratory relief, something arbitration is not.

This is where defendants' true strategy becomes apparent. If defendants were interested in determining the validity of plaintiffs' allegations of Labor Code violations in the absence of plaintiffs' seeking damages, they could conduct an internal investigation of those allegations. Instead, defendants seek arbitration of those allegations with the purpose of having plaintiffs' trial court action stayed. By this conduct, defendants are not

5

using arbitration as a forum for neutral dispute resolution, but as a shield against liability under the Private Attorneys General Act. This is not arbitration's intended purpose. (See *Armendariz v. Foundation Health Psychcare Servs., Inc.* (2000) 24 Cal.4th 83, 118 [arbitration agreement requiring employee to arbitrate claims but not requiring an employer to do so was unconscionable because it transformed arbitration from a forum for neutral dispute resolution into something it was not intended to be].) Moreover, such an interpretation would undermine our Supreme Court's holding in *Iskanian*, prohibiting waiver of claims under the Private Attorneys General Act through arbitration agreements, resulting in absurdity. (*Iskanian v. CLS Transportation Los Angeles, LLC*, *supra*, 59 Cal.4th at pp. 382-389.)

Defendants disagree, arguing that "[i]n light of [plaintiffs'] right to reassert the dropped claims, [plaintiffs'] dismissal without prejudice . . . fails to negate the existence of an arbitrable controversy between the parties." Put another way by defendants, "[b]ecause [plaintiffs'] elimination of their claims for individual and class-wide damages and other relief other than civil penalties under [the Private Attorneys General Act] was done without prejudice to such claims being raised later, the arbitration obligation lives on just as [plaintiffs'] opportunity to resuscitate those individual claims survives." The problem with defendants' argument is that it acknowledges plaintiffs are not actively pursuing relief based on arbitrable questions of law or fact. Indeed, defendants acknowledge that if plaintiffs continue on their chosen path, their claims will extinguish through the running of the statute of limitations.

It is well established that a claimant may choose to disregard the arbitration provisions of a contract and initiate a lawsuit, leaving it to the other party to file a timely motion to compel arbitration. (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1795 ["there is nothing to prevent one of the parties to a contractual arbitration provision from resorting initially to an action at law"]; *Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 767 [the California

6

Arbitration Act "recognizes that a party to an arbitration agreement may elect to initiate a civil action, rather than an arbitration proceeding, and it specifically protects the party's right to do so"].)  A claimant may make this choice for a variety of reasons, including a good faith belief that the arbitration provision is unconscionable, or simply a hope that the other side will not protest and the matter will proceed in court.  (*Sargon*, at pp. 767-768.)  The initiation of a lawsuit based on arbitrable questions is an act to be countered by specific enforcement of the arbitration provision.  (*Id*., at p. 767.)  " 'A right to compel arbitration is not . . . self-executing.  If a party wishes to compel arbitration, he must take active and decided steps to secure that right, and is required to go to the court where the [claimant]'s action [at law] lies.' "  (*Brock v. Kaiser Foundation Hospitals*, at p. 1795.)

Here, plaintiffs do not maintain an action in any forum based on arbitrable claims and there is no longer an action for defendants to counter by filing a petition under section 1281.2 for specific enforcement of the arbitration provision.  Thus, any question pertaining to plaintiffs' individual claims under the Labor Code is not "between parties" and not a controversy.  (§ 1280, subd. (d).)  Accordingly, the trial court did not err by denying defendants' petition to compel arbitration.[2]

---

[2]      Because we conclude the trial court properly denied defendants' petition to compel arbitration, we need not consider defendants' argument that plaintiffs' claim under the Private Attorneys General Act must be stayed while the arbitration proceedings occur.  We also do not address defendant's appellate contention the first amended complaint was defective because plaintiffs did not seek leave of court before dismissing their class claims.  Defendants did not object nor move to strike the first amended complaint on this basis in the trial court, and thus the claim of error is forfeited. (*Westsiders Opposed to Overdevelopment v. City of Los Angeles* (2018) 27 Cal.App.5th 1079, 1091 [" ' "[i]t is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal" ' "].)

DISPOSITION

The order denying defendants' petition to compel arbitration is affirmed.

Plaintiffs shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Hoch, J.