[No. A058321. First Dist., Div. Five. June 24, 1993.]

WENDY ANN BURGESS et al., Plaintiffs and Appellants, v. KAISER FOUNDATION HOSPITALS et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III(B).

**COUNSEL**

James J. Johnson for Plaintiffs and Appellants.

Kennedy P. Richardson, Sam Walker, Craddick, Candland & Conti and Michael J. Garvin for Defendants and Respondents.

**OPINION**

**KING, J.—**

## I. Introduction

In this case of contractual arbitration we hold that when a dispute arises over the appointment of an arbitrator, or between an arbitrator and one of the parties concerning the arbitrator's fee, the remedy is to petition the court to resolve the dispute. Delay in seeking such relief which prevents the arbitration from going forward does not toll the five-year dismissal period for lack of reasonable diligence in bringing a claim to arbitration.

## II. Background

Kaiser Foundation Hospitals provided obstetric medical services for Wendy Ann Burgess, who was born on February 27, 1981. Her parents, Ann Elizabeth Burgess Randall and Steven Rial Burgess, claim that as a result of medical negligence Wendy suffered oxygen deprivation during her birth, resulting in personal injury (including epilepsy and heart problems), the cause of which was not ascertained until 1986.

On April 24, 1986, the Burgesses served Kaiser with a demand for arbitration pursuant to the parties' "Individual Medical and Hospital Service

Agreement," which contained an arbitration provision. The parties stipulated to arbitration on June 10, 1986.

The arbitration clause called for each party to designate an arbitrator, with the two arbitrators to select a third, neutral arbitrator. The Burgesses designated their arbitrator on June 11, 1986, and Kaiser designated its arbitrator on June 20, 1986. The two party arbitrators, however, did not select the neutral arbitrator until April 5, 1989.

On April 19, 1989, the Burgesses demanded an exchange of expert trial witness information. (Code Civ. Proc., § 2034.) In June 1990, Kaiser designated eight experts.

On April 16, 1990, the neutral arbitrator scheduled the arbitration to take place from July 25, 1990, through July 27, 1990. Two days later, on April 18, he notified counsel by letter that he would require each side to make a nonrefundable deposit of $1,000 toward his fees. The letter stated as follows: "My fee for services as the neutral arbitrator in the above matter is $250.00 per hour. I will require a $1,000.00 reservation fee to be paid by each party on or before June 1, 1990. The reservation fee will be applied toward my hourly fees when the arbitration proceeds as scheduled. In the event that the arbitration is rescheduled, an additional reservation fee will be required."

On June 1, 1990, the day the reservation fee was due, counsel for the Burgesses wrote to the arbitrator and objected to the fee. The arbitrator wrote back on June 5, explaining that the fee "is to insure my time against rescheduling of the hearing date" and that "[i]n the event opposing counsel requests a rescheduling, you can make his payment of the new reservation fee a condition of the rescheduling." The Burgesses failed to pay the fee, and on June 27 the arbitrator cancelled the July hearing and advised that a new date would be selected when the fee was posted.

On June 29, counsel for the Burgesses again wrote to the arbitrator and objected to the fee and the cancellation of the hearing. The arbitrator wrote back on July 7, again explaining the purpose of the reservation fee and stating that his next available date for a hearing was in September.

The Burgesses made no further attempt to bring the matter to a hearing. Some 16 months later, on November 20, 1991, Kaiser requested that the arbitrator dismiss the proceeding. The parties' arbitration agreement stated that a claim was waived and barred if not pursued "with reasonable diligence." Kaiser sought dismissal on the ground the Burgesses had failed to bring the proceeding to arbitration within five years. (Cf. Code Civ. Proc.,

§ 583.310.) On January 27, 1992, the arbitrator granted Kaiser's request, stating in a written order that "this arbitration is dismissed for claimants' failure to pursue their claims with reasonable diligence."

The Burgesses petitioned the superior court to vacate the dismissal order. Kaiser asked the court to confirm the order. The court rendered an order denying the petition to vacate and confirming the dismissal.

### III. DISCUSSION

#### A. *Reasonable Diligence*

■ An arbitrator has discretion to dismiss a proceeding due to unreasonable delay by the claimant in bringing the matter to a hearing. The statute requiring mandatory dismissal of a superior court action not brought to trial within five years (Code Civ. Proc., § 583.310) does not directly apply to arbitration, but its concept and limits have been imported into the test of reasonable diligence in bringing a claim to arbitration. Thus, if a matter is not brought to arbitration within five years, the arbitrator may dismiss the matter for failure to proceed with reasonable diligence. (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1808 [13 Cal.Rptr.2d 678]; *Young v. Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669, 673 [185 Cal.Rptr. 536].)

That is what occurred here. ■ The Burgesses contend the arbitrator abused his discretion. Drawing an analogy to the rule that the five-year statute is tolled during a period when it is "impossible, impracticable, or futile" to bring an action to trial (Code Civ. Proc., § 583.340, subd. (c)), the Burgesses claim it was impossible to bring this arbitration to a timely hearing, and thus the five-year period was tolled, because of (1) the arbitrator's demand for the reservation fee, which the Burgesses contend was misconduct (Code Civ. Proc., § 1286.2, subds. (c) & (e)), (2) Kaiser's designation of experts, which the Burgesses contend was burdensome, and (3) the inability of the party arbitrators to reach timely agreement on designation of the neutral arbitrator.

We do not believe such matters should toll the five-year period. Arbitration is intended to be more expeditious than litigation. Accordingly, if there is any delay by an arbitrator, the appropriate remedy is not tolling of the five-year period, but rather a petition to the court for an appropriate order expediting the arbitration proceeding. (*Boutwell v. Kaiser Foundation Health Plan* (1988) 206 Cal.App.3d 1371, 1374 [254 Cal.Rptr. 173]; see Code Civ. Proc., § 1281.6.) In the present context, this means the Burgesses should

have petitioned the superior court for relief from the arbitrator's reservation fee or the failure to designate the neutral arbitrator.[1]

The Burgesses made no attempt to obtain such relief because they believed the five-year period had been tolled. Although we conclude there should be no tolling in such circumstances, there was no law on point at the time, and thus it cannot be said the Burgesses' reliance on tolling constituted a failure of reasonable diligence. We therefore conclude the arbitrator's dismissal order should be vacated.[2]

B. *The Reservation Fee**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## IV. DISPOSITION

The order denying the petition to vacate and confirming the dismissal is reversed, and the cause is remanded with directions to the superior court to vacate the arbitrator's dismissal order and for further proceedings consistent with this opinion. The Burgesses shall recover their costs on appeal.

Peterson, P.J., and Haning, J., concurred.

---

[1]This statutory process should have been undertaken long before the three years it took for the party arbitrators in this case to agree upon a neutral arbitrator. As for Kaiser's designation of experts, which the Burgesses contend was burdensome, the appropriate remedy lay in an expeditious request to the arbitrator for relief.

[2]Upon vacation of the dismissal order, however, reasonable diligence mandates that the Burgesses act expeditiously to bring this matter to hearing without further delay; otherwise, dismissal may indeed become appropriate.

*See footnote, *ante*, page 1077.