**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOS CO., INC., DBA Dogtra, | No.   19-55014 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-09667-AB-AFM |
| and | |
| DOGTRA CO., LTD., a Republic of Korea corporation, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| E-COLLAR TECHNOLOGIES, INC., an Indiana corporation; HO SUNG SO, an individual, | |
| Defendants-Appellees, | |
| and | |
| C&D MICRO CO., LTD., a Republic of Korea corporation; GREG VAN CUREN, an individual, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 8, 2020[]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HUMETEWA,[***] District Judge.

Plaintiff SOS Co., Inc., dba Dogtra ("Dogtra") appeals from the district court's judgment in favor of defendants E-Collar Technologies, Inc., and Ho Sung So in a diversity action alleging trade secrets claims under California law.  We review de novo a district court's grant of a motion to dismiss, as well as a grant of a motion for judgment on the pleadings.  *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 904 F.3d 821, 828 (9th Cir. 2018).  We review for an abuse of discretion a district court's denial of a motion for reconsideration.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).  As the parties are familiar with the facts, we do not recount them here.  We affirm.

The district court held that the parties' purported waiver of the statute of limitations defense was invalid because it was not "signed by the person obligated" as required by California Civil Procedure Code section 360.5.  On appeal, Dogtra does not dispute that the alleged waiver is governed by section 360.5, which it fails

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

to satisfy because it is unsigned. However, Dogtra argues that the waiver is nonetheless enforceable based on equitable estoppel, related writings under California Civil Code section 1642, and ratification.

The district court correctly determined that section 360.5 does not permit the application of equitable estoppel, related writings, or ratification to enforce the unsigned waiver. The plain language of the statute unambiguously states that waivers of the statute of limitations defense must be signed. Cal. Civ. Proc. Code § 360.5 ("No waiver shall bar a defense to any action that the action was not commenced within the time limited by this title unless the waiver is in writing and *signed* by the person obligated." (emphasis added)). In addition, several cases have held that a purported waiver was invalid under section 360.5 because it was not in writing and signed. *See, e.g.*, *Santangelo v. Allstate Ins. Co.*, 76 Cal. Rptr. 2d 735, 739 (Ct. App. 1998) (holding that "there [wa]s no valid waiver" of the statute of limitations because "there was no written agreement signed by the party to be obligated").

Moreover, relaxing the signed writing requirement would hinder section 360.5's purpose to put an end to the practice of exacting unlimited and indefinite waivers of the statute of limitations. *See Don Johnson Prods., Inc. v. Rysher Entm't, LLC*, 147 Cal. Rptr. 3d 590, 593-96 (Ct. App. 2012) (detailing the legislative history of section 360.5). Dogtra's reliance on *Carlton Browne & Co. v.*

3

*Superior Court*, 258 Cal. Rptr. 118, 122-23 (Ct. App. 1989), which held that a written waiver that is signed by the defendant's authorized agent is valid under section 360.5, is misplaced.  Unlike here, in *Carlton Browne & Co.*, "[n]othing in the legislative history of section 360.5 indicate[d] that the Legislature intended to invalidate a waiver signed by an agent authorized by the defendant to waive the statute of limitations" and "[a]pplication of the law of agency would in no way defeat the purpose of section 360.5."  *Id.* at 123.

     **AFFIRMED**.