Filed 7/29/21  P. v. Mammoth CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059666 |
| v. | (Super. Ct. No. RIF1300887) |
| MICHAEL REINHOLD MAMMOTH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski, Brendon W. Marshall and Britton Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant is a military veteran who was injured in an off-duty motorcycle accident while stationed at the Long Beach Naval Station in 1988. After he was convicted of multiple child sex crimes and sentenced to a de facto life term in 2013, he petitioned for resentencing on the basis his motorcycle accident was a service-related incident that left him with a traumatic brain injury (TBI) and post-traumatic stress disorder (PTSD). (Pen. Code, § 1170.91.)[1] The trial court ruled appellant was ineligible for resentencing because his alleged injuries were unsubstantiated and unrelated to his service in the Navy. The court also made it clear that even if appellant were eligible for resentencing, it would not reduce his sentence, given the gravity of his offenses. Appellant challenges both aspects of the court's ruling, but we affirm its denial order.

FACTS AND PROCEDURAL BACKGROUND

Starting around 2000, appellant sexually abused his adopted daughter on a regular basis from the time she was five years old until she was about twelve. After appellant confessed to some of the abuse, he was convicted of seven counts of aggravated sexual assault, for which he was sentenced to an indeterminate prison term of 105 years to life. In addition, the jury found appellant guilty of 10 counts of forcible lewd conduct and 1 count of possessing child pornography, for which he received an additional 32 years in prison. On appeal, we reversed some of appellant's accompanying fines, but affirmed the judgment in all other respects. (*People v. Mammoth* (Jun. 15, 2015, G050924) [nonpub. opn.].)

In 2018, appellant filed a pro per petition for resentencing pursuant to section 1170.91. In the petition, appellant provided documentation he served in the Navy from 1983 to 1989. He alleged that during his military service, he was involved in an accident in which he suffered a TBI. He also claimed he recently discovered he had PTSD, while attending a veteran's group in prison.

---

[1] All further statutory references are to the Penal Code.

2

Appellant was appointed counsel to represent him on the petition. After a flurry of *Marsden* activity (see *People v. Marsden* (1970) 2 Cal.3d 118), his public defender filed a brief in support of his request for resentencing. The brief included a declaration from appellant in which he expanded on the cause of his alleged ailments. He stated that in 1988, he was stationed at the Long Beach Naval Station, on the U.S.S. Ford. When his ship was in port, he commuted to the base from his home in Riverside. One such day, as he was returning home from the base on his motorcycle, he was involved in a high-speed accident on the 91 Freeway. The accident left him with multiple lacerations, a hairline skull fracture, a compression fracture to his neck, and cracked ribs. After spending three days in the hospital for treatment, he returned home for a month of convalescent care, and about a year after that, he was honorably discharged from the Navy.

In his declaration, appellant alleged that prior to his accident, he passed the Navy's motorcycle safety course, which required him to wear certain protective gear when riding and taught him how to fall in the event of a crash. Appellant surmised that if he hadn't taken that course, he might not have survived his accident.

Appellant's declaration did not mention anything about his alleged PTSD, and his attorney did not rely on that ailment as the basis for resentencing. Rather, he sought resentencing on the ground appellant suffered a TBI from his motorcycle accident while serving in the Navy.

At the hearing on appellant's petition, the prosecutor did not dispute appellant was injured in a motorcycle accident while commuting home from his naval base. However, he argued appellant failed to prove he actually suffered a TBI or PTSD as a result of the accident. The trial court agreed, at least with respect to the latter ailment. In fact, it found appellant's "self-assessment" of PTSD wholly unconvincing from an evidentiary standpoint.

3

As for appellant's alleged brain injury, the trial court was willing to entertain the possibility he suffered a TBI from his motorcycle accident. However, the court did not believe any such injury was the result of appellant's military service. Therefore, it determined he was ineligible for resentencing under section 1170.91.

Beyond that, the court stated that even if appellant met the criteria for resentencing under the statute, it would not exercise its discretionary authority to reduce his sentence because any mitigation from his military service was outweighed by the nature of his crimes, which were numerous, protracted and committed against "vulnerable younger people."

DISCUSSION

Appellant contends the trial court erred in finding him ineligible for resentencing under section 1170.91. He also argues the matter must be remanded because the trial court's ruling regarding it discretionary authority was based on a misunderstanding that he victimized multiple children, when in fact, the only person he was convicted of abusing was his daughter. We find these claims unavailing.

Section 1170.91 was enacted in 2014 to require trial courts to consider the defendant's mental health and substance abuse problems stemming from his or her military service as a mitigating factor when imposing a determinate sentence. (See Stats. 2014, ch. 163 (Assem. Bill No. 2098), § 2, eff. Jan. 1, 2015.) Effective January 1, 2019, the Legislature amended the statute to make it retroactive to veterans who are currently serving a determinate sentence for a felony conviction. (§ 1170.91, subd. (b)(1).) As amended, the statute gives trial courts the discretionary authority to resentence any such veteran if three conditions are met: 1) the veteran "may be suffering from sexual trauma, [TBI], [PTSD], substance abuse, or mental health problems as a result of his or her military service"; 2) this circumstance was not considered as a factor in mitigation at the time of sentencing; and 3) sentencing occurred before January 1, 2015. (§ 1170.91, subd. (b)(1)(A) & (B).)

4

Only the first criteria is at issue in this case, but that criteria has two subparts. Appellant not only had to show he may be suffering from one of the ailments enumerated in section 1170.91, he also had to prove that ailment was a result of his service in the Navy. And even if he succeeded in doing so, it would not affect his indeterminate prison term of 105 years to life. Because section 1170.91 only applies to determinate sentences, the best appellant could hope for is a reduction in his 32-year determinate term. (See § 1170.91, subds. (a), (b)(1); *People v. Stewart* (July 9, 2021, E074907) __ Cal.App.5th __, __.)[2]

As recently noted in *People v. Coleman* (2021) 65 Cal.App.4th 817, 823 (*Coleman*), "There is not a whole lot of law" pertaining to section 1170.91. However, *Coleman* determined the defendant in that case made a sufficient preliminary showing for relief under the statute by alleging 1) he "'plausibly'" suffered from sexual trauma as a result of being sexually assaulted by a civilian in the chapel annex at his Air Force base, and 2) he was regularly "'subjected to'" drug and alcohol abuse while serving on the base. (*Id*. at p. 820.) Even though the defendant did not offer any corroborating evidence he suffered from sexual trauma or substance abuse, the *Coleman* court found his allegations sufficient for purposes of establishing a prima facie case for relief under section 1170.91. Therefore, it reversed the trial court's summary denial of the defendant's petition and remanded the matter for the trial court to assess the merits of his petition.

In so doing, the court reasoned, "The statute merely requires a petitioner to allege that he or she 'may be suffering from' a qualifying condition. (§ 1170.91, subd. (b)(1).) It does not require a petitioner to allege evidentiary facts, such as the symptoms or manifestations of the qualifying condition. It may well be in a petitioner's interest to do so, particularly when the People dispute the truth of the allegation. Here, however, the

---

[2] Recognizing this, defense counsel only asked the trial court to reduce appellant's determinate term. He did not seek resentencing with respect to appellant's indeterminate life sentence.

trial court denied the petition because it ruled that the allegations were insufficient, not because it found them not credible." (*Coleman, supra*, 65 Cal.App.4th at pp. 822-823.)

Our case is different. Unlike the situation in *Coleman*, the trial court here did not summarily deny appellant's petition on the basis his allegations were insufficient to meet the criteria for resentencing under section 1170.91. Rather, the court denied appellant's petition on the merits because he failed to substantiate his allegation about having PTSD. We see no reason to disturb the court's findings in that regard.

In his petition, appellant alleged he recently discovered he had PTSD while attending a veteran's group in prison. However, appellant did not support that claim with any documentation or corroborating evidence. Nor did he say anything about having PTSD in his declaration that was submitted in conjunction with his attorney's written brief. Under those circumstances, the trial court did not abuse its discretion in rejecting appellant's claim for lack of evidentiary support. (Cf. *People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137 [defendant's bare allegations about the value of certain property he was accused of stealing did not meet his burden of proving eligibility for resentencing under Proposition 47].)

In contrast, appellant's claim about having suffered a TBI from a motorcycle accident that occurred while he was commuting home from his naval base was well developed in his declaration from a factual standpoint. Although appellant did not substantiate the claim with any medical records, the trial court did not base its ruling on that deficiency. Instead, the court ruled appellant's alleged TBI was not incurred "as a result of" his military service for purposes of section 1170.91.

Appellant disagrees. Analogizing to tort law, he argues this causation requirement was satisfied because his naval service was a substantial contributing factor to his TBI. (See generally *Yanez v. Plummer* (2013) 221 Cal.App.4th 180, 187 ["if a defendant's negligence was a substantial factor in causing the plaintiff's harm, then the defendant is responsible for the harm"].) His argument is premised on the fact he crashed

his motorcycle while he was driving home from his base, and at the time of the accident, he was riding in accordance with the motorcycle safety training he received while he was in the Navy.

It's an intriguing argument. However, for purposes of this case it doesn't matter whether appellant's alleged brain injury was the result of his military service for purposes of section 1170.91 because the trial court ruled it was not going to resentence him even if he met all of the criteria for resentencing under that statute. In so ruling, the court signaled its awareness of subdivision (b)(3) of the statute, which states that even if the petitioner meets those criteria, and is thus technically eligible for resentencing, "the court *may, in its discretion*, resentence [him or her] following a resentencing hearing." (§ 1170.91, subd. (b)(3), italics added.) This wording shows the petitioner's satisfaction of the threshold criteria is a necessary, but not necessarily *sufficient*, condition for resentencing. Even when those criteria are met, the trial court still has wide latitude to forego resentencing and leave the petitioner's sentence intact.

Appellant recognizes as much. However, he claims the trial court's exercise of discretion in this case was misinformed because the court mistakenly believed he was convicted of sexually abusing more than one person. It's true the court stated that any mitigation from appellant's military service was outweighed by the fact he committed numerous serious offenses against "vulnerable younger people." But just before that, the court properly recognized that appellant was convicted of molesting "*a minor under the age of 14.*" (Italics added.) And during their arguments to the court, the prosecutor and defense counsel repeatedly identified appellant's adopted daughter as the sole victim of his crimes. There was never a suggestion of another victim.

Considering the record as a whole, it appears to us the trial court's reference to "vulnerable younger people" was not intended to reflect the trial court's understanding of how many people appellant victimized. It was a figure of speech. The court merely used the phrase to underscore the point that the person appellant molested

7

was young and vulnerable.  As such, the phrase does not justify – in and of itself – disturbing the court's decision, and we can't find any other basis for finding this to be an abuse of discretion.

DISPOSITION

The order denying appellant's petition for resentencing is affirmed.


                                        BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.