Filed 5/16/23  Geoulla v. Cal. Automobile Ins. Co. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DANIEL GEOULLA, <br><br>      Plaintiff and Appellant, <br><br> v. <br><br> CALIFORNIA AUTOMOBILE INSURANCE COMPANY, <br><br>      Defendant and Respondent. | B314486 <br><br> (Los Angeles County <br> Super. Ct. No. BS170239) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Edward B. Moreton, Jr., Judge.  Reversed and remanded with instructions.

B&D Law Group, Mahsa Farid, for Plaintiff and Appellant.

Shaver, Korff & Castronovo, Thomas W. Shaver and Tina M. Bhatia, for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff Daniel Geoulla appeals from an order dismissing an arbitration brought under the Uninsured Motorist Act (Insurance Code section 11580.2 et seq. (section 11580.2)) for failure to conclude the proceeding within the mandatory five-year limitation proscribed by the Act.  We reverse and remand with instructions.

# II. FACTUAL AND PROCEDURAL BACKGROUND

Following a rear-end collision with an uninsured motorist, plaintiff demanded arbitration under section 11580.2 seeking uninsured motorist benefits from defendant.[1]  During the next five years, the parties selected an arbitrator, propounded multiple rounds of discovery, took depositions, and engaged in extensive law and motion practice; but they did not schedule an arbitration hearing within that time.

Because plaintiff failed to conclude the arbitration within the five-year limitation proscribed by section 11580.2, subdivision (i) (as extended for six months by Emergency Rules 9 and 10), defendant filed a motion to dismiss the proceeding.  In his opposition, plaintiff conceded that the extended five-year period had run and that his attorneys had miscalendared the deadline.  He maintained, however, that the five-year limitation should be extended because defendant had engaged in discovery abuses.  According to plaintiff, that conduct estopped defendant from relying on the five-year statute and otherwise made it impossible,

---

[1]     Defendant is California Automobile Insurance Company.

2

impracticable, or futile to conclude the arbitration within the limitations period.

On April 30, 2021, the trial court heard argument on the motion to dismiss and issued a minute order explaining that "difficulty in obtaining discovery has not been recognized in making arbitration (or trial based on Code of Civil Procedure [section] 583.420) impossible, impracticable, or futile. ([*Langan v. McCorkle*] (1969) 276 Cal.App.2d 805, 809.)"  After excluding from consideration defendant's discovery conduct, the court went on to find that the "true" cause of the delay in completing the arbitration was the miscalendaring of the five-year deadline by plaintiff's law firm.  The court therefore granted the dismissal motion, and plaintiff timely appealed.

## III.   DISCUSSION

On appeal, plaintiff renews his assertion that, due to defendant's discovery abuses, it was impossible, impracticable, or futile to complete the arbitration within that statutory time limit, citing among other cases, *Westinghouse Electric Corp. v. Superior Court* (1983) 143 Cal.App.3d 95, 102, 106 (*Westinghouse*).)

"Section 11580.2[, subdivision] (i), . . . requires that uninsured motorist arbitration be (1) initiated within one year of the date of accident, and (2) completed within five years from the institution of arbitration."  (*Santangelo v. Allstate Ins. Co.* (1998) 65 Cal.App.4th 804, 810–811 (*Santangelo*).)

Under section 11580.2, subdivision (i)(3), "[t]he doctrines of estoppel, waiver, impossibility, impracticality, and futility apply to excuse a party's noncompliance with the statutory timeframe, as determined by the court."  (*Allstate Ins. Co. v. Gonzalez* (1995)

3

38 Cal.App.4th 783, 792.) "'The question of impossibility, impracticability, or futility is best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance." [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the . . . exception. [Citation.] . . . The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion. [Citations.]' [Citation.]'" (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100.)

"'Generally, delays encountered in discovery are part of the "normal delays involved in prosecuting lawsuits" and do not excuse failure to bring a case to trial within the five-year limit.' (*Bank of America v. Superior Court* (1988) 200 Cal.App.3d 1000, 1016 . . . ; see *Bruns* [*v. E-Commerce Exchange, Inc.* (2011)] 51 Cal.4th [717,] 731 [(*Bruns*)] ["'[t]ime consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions [for periods during which it was impossible, impracticable or futile to bring the action to trial]'"].)" (*Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 796.)[2]

---

[2] The purpose of the time limitation on uninsured motorist arbitrations is analogous to the rationale underlying the five-year statutory limitation on bringing civil actions to trial. (See Code Civ. Proc., §§ 583.310, 583.340, 583.360; *Santangelo, supra*, 65 Cal.App.4th at p. 813–814 [even before the enactment of the five-year limitation period in section 11580.2, a plaintiff would have

Under some circumstances, however, "it may clearly be impracticable to bring a case to trial because substantial discovery remains to be completed at or near the end of the five-year period. The necessity for further discovery may be due to dilatoriness on the part of the plaintiff or on the part of defendant. If [the] plaintiff has completed all of his discovery and is or has been ready to proceed to trial and the record shows that [the] defendant has failed to vigorously pursue discovery, the nonreadiness of the case is due to [the] defendant. In that situation, impracticability would constitute an excuse for noncompliance if [the] plaintiff's conduct is otherwise reasonable. However, had [the] plaintiff been the dilatory party, mere impracticability is not an excuse, since the impracticability arises from [the] plaintiff's own fault." (*Westinghouse, supra,* 138 Cal.App.3d 95, 105–106.)

Here, the trial court suggested that it could not consider the discovery issues raised by plaintiff when determining whether the impracticability exception applied. Although we normally presume the trial court was aware of and understood the scope of its authority and discretion under the applicable law, if "'the record affirmatively shows the trial court misunderstood the proper scope of its discretion, remand to the trial court is required to permit that court to exercise *informed* discretion with awareness of the full scope of its discretion and applicable law.' [Citation.]" (*Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 334.) Accordingly, we conclude the trial court

been subject to dismissal for delay in prosecution under analogous statutory sections, such as Code of Civil Procedure section 583.310 et seq., which requires mandatory dismissal of superior court actions not brought to trial within five years].)

erred by assuming that difficulty in obtaining discovery can never establish impossibility, impracticability, or futility in bringing a case to arbitration and must therefore remand the matter to ensure the court exercises its informed discretion in deciding whether the difficulties in this case warrant an exception to the five-year deadline. In reaching this conclusion, we express no view as to the merits of defendant's motion or whether the discovery abuses alleged by plaintiff excused his admitted failure to calendar the five-year deadline and comply with it. Those are matters left to the sound discretion of the court after consideration of all the circumstances of this case.

## IV. DISPOSITION

The judgment is reversed with instructions to conduct further proceedings on the dismissal motion consistent with this opinion. Plaintiff is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.

We concur:



RUBIN, P. J.                    BAKER, J.


6